**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 111897

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nicole Charleston and Anita Harley, | Docket No: |
| Plaintiffs, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Central Credit Services LLC, | |
| Defendant. | |

Nicole Charleston and Anita Harley (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Central Credit Services LLC (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5.  Plaintiff Nicole Charleston is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.  Plaintiff Anita Harley is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7.  Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8.  On information and belief, Defendant's principal place of business is located in Saint Charles, Missouri.

9.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the debt").

12. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

14. The debts were incurred on credit cards.

15. The credit cards accrued interest.

16. The credit cards accrued late fees.

17. Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

18. In its efforts to collect the debt, Defendant contacted Plaintiff Charleston by letter dated October 19, 2015. ("**Exhibit 1**.")

19. In its efforts to collect the debt, Defendant contacted Plaintiff Harley by letter dated November 16, 2015. ("**Exhibit 1**.")

20. The letters were the initial communication to each Plaintiff received from Defendant.

21. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Failure to Adequately Convey the Amount of the Debt**
**AS TO PLAINTIFF CHARLESTON**

22. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

23. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

24. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

25. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

26. The letter sets forth a "Balance Due."

27. The letter fails to disclose whether the "Balance Due" may increase due to additional interest.

28. The letter fails to disclose whether the "Balance Due" may increase due to additional late fees.

29. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

30. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

31. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

32. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Balance Due" at any time after receipt of the letter.

33. The least sophisticated consumer could also reasonably believe that the "Balance Due" was accurate only on the date of the letter because of the continued accumulation of interest and/or late fees.

34. If interest is continuing to accrue, the least sophisticated consumer would not

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

35. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

36. For these reasons, Defendant failed to clearly state the amount of the debt.

37. For these reasons, Defendant failed to unambiguously state the amount of the debt.

38. For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

39. For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

40. Defendant violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### AS TO PLAINTIFF CHARLESTON

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

44. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

45. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

46. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

47. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

48. As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the "Balance Due" was static.

49. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the "Balance Due" was dynamic due to the continued accumulation of interest and/or late fees.

50. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

51. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

52. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt
### AS TO PLAINTIFF HARLEY

53. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

54. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

55. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

56. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

57. The letter sets forth an "Account Balance."

58. The letter fails to disclose whether the "Account Balance" may increase due to additional interest.

59. The letter fails to disclose whether the "Account Balance" may increase due to

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

additional late fees.

60. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

61. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

62. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

63. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the "Account Balance" at any time after receipt of the letter.

64. The least sophisticated consumer could also reasonably believe that the "Account Balance" was accurate only on the date of the letter because of the continued accumulation of interest and/or late fees.

65. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

66. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

67. For these reasons, Defendant failed to clearly state the amount of the debt.

68. For these reasons, Defendant failed to unambiguously state the amount of the debt.

69. For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

70. For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

71. Defendant violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FOURTH COUNT
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations
## AS TO PLAINTIFF HARLEY

72. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

73. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

75. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

76. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

77. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

78. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

79. As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the "Account Balance" was static.

80. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the "Account Balance" was dynamic due to the continued accumulation of interest and/or late fees.

81. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

82. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

83. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIFTH COUNT
### Violation of 15 U.S.C. § 1692e and § 1692f
### False or Misleading Representations
### AS TO PLAINTIFF HARLEY

84. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

85. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

86. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

87. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

88. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

89. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

90. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

91. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

92. The letter states "Total non-interest charges or fees accrued since charge-off."

93. The "Total non-interest charges or fees accrued since charge-off" are listed as "$0.00."

94. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

95. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

96. Although the "Total non-interest charges or fees accrued since charge-off" are listed as "$0.00," the letter could reasonably be read by the least sophisticated consumer to mean that there could be "non-interest charges or fees" added to the debt in the future.

97. The letter could reasonably be read by the least sophisticated consumer to imply

8

that there could be "non-interest charges or fees" added to the debt in the future.

98. The letter falsely implies that Defendant has the right to add "non-interest charges or fees" to the debt.

99. Defendant has no legal basis to add "non-interest charges or fees" to the debt.

100. The letter could reasonably be read by the least sophisticated consumer to threaten to collect a fee.

101. The letter falsely implies that Defendant has the right to add a fee to the debt.

102. Defendant has no legal basis to add a fee to the debt.

103. Defendant's conduct, as described, violates § 1692e and § 1692f.

## JURY DEMAND

104. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff Charleston pursuant to 15 U.S.C. § 1692k; and

b. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff Harley pursuant to 15 U.S.C. § 1692k; and

c. Plaintiffs' actual damages; and

d. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

e. Plaintiffs' costs; all together with

f. Such other relief that the Court determines is just and proper.

DATED: October 18, 2016

        **BARSHAY SANDERS, PLLC**

        By: ___*/s/ Craig B. Sanders*___
        Craig B. Sanders, Esq.
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055

BARSHAY | SANDERS PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530

csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 111897

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530